It appears from the offer of the defendants, that when the negotiation was made with Miss Eldridge, she required that the note which she was to receive for the money loaned by her to Schryver Aikin should be joint and several, and undersigned both by the Nortons and Coons, the defendant, as sureties. That Coons was informed by Schryver Aikin, when he signed the note, that Miss Eldridge required the security of his name.
The preliminary agreement between the lender and the borrowers contemplated the signatures therefore, of both plaintiffs and defendant, as sureties for a common principal. Their signatures on the written instrument is in conformity with this understanding. No agreement whatever was made between the sureties.
The representation of Schryver Aikin to Coons was, that they wanted him to go on the note, that he ran no risk at all, as the Nortons were abundantly responsible. That his name was wanted to satisfy Miss Eldridge that the note was good; and upon these considerations he put his name on, saying it was something he would not do for any body, but as he had dealt a great deal with us, and if he ran no risk he would do it. Schryver Aikin did not pretend to speak for the Nortons, or to possess any authority to bind them by any agreement or understanding whatever. They made no agreement with Coons which the Nortons could ratify. The most that could be inferred by Coons from what was said, was, that in the opinion of Schryver Aikin, he ran no risk at all,because the Nortons were abundantly responsible.
It seems to me that such evidence is very far from rebutting the clear evidence of co-suretiship, established by the other testimony, and that the judgment should be affirmed.
RUGGLES, Ch. J., and JEWETT and McCOUN, Js., concurred. *Page 43